United States District Court
District of Massachusetts

```
                              )
Motus, LLC,                   )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )     Civil Action No.
CarData Consultants Inc.,     )     20-10665-NMG
                              )
          Defendant.          )
                              )
                              )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from a trademark dispute between plaintiff Motus, LLC ("Motus" or "plaintiff") and CarData Consultants, Inc. ("CarData" or "defendant").  Motus contends that it owns a trademark in the phrase CORPORATE REIMBUSEMENT SERVICES ("the Mark") and objects to Cardata using the Mark in its "meta title".[1]  Pending before this Court is Cardata's motion to dismiss for lack of personal jurisdiction and failure to state a claim.  Because this Court concludes that plaintiff has failed to make a prima facie case for personal jurisdiction over CarData, that motion will be allowed.

---

[1] Motus defines "meta title" as the "HTML code in the header of a web page that helps search engines understand the content on a page."

## I. **Background**

Plaintiff Motus, formerly known as "Corporate Reimbursement Services, Inc.", is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. Defendant CarData is a Canadian corporation with its principal place of business in Ontario, Canada and other offices in New York and Colorado.  Both parties are workforce management companies which develop and distribute mobile workforce management solutions, including vehicle reimbursement programs.

Plaintiff contends that even after it began rebranding and transitioning its name from Corporate Reimbursement Services, Inc. to Motus, it continued to use the Mark in connection with its business.  It adds that it has invested considerable time, effort and expense developing an excellent reputation and goodwill in the Mark and has thus developed strong rights therein.  For that reason, Motus asserts that, by using the term CORPORATE REIMBURSEMENT SERVICES in its meta title, CarData has infringed Motus' Mark.

Accordingly, in April, 2020, Motus filed a complaint against CarData, alleging that defendant's use of the Mark constitutes trademark infringement and dilution, unfair competition and unjust enrichment, in violation of both federal and state law.  Defendant responded in June, 2020, by moving to dismiss the complaint for lack of personal jurisdiction and

- 2 -

failure to state a claim.  CarData contends that plaintiff
1) has alleged no contacts between defendant, a Canadian
corporation, and the forum state and 2) has stated no factual
allegations which could indicate that plaintiff has any federal,
state or common law rights in CORPORATE REIMBURSEMENT SERVICES,
a phrase which defendant argues is generic and unprotectable by
trademark.

**II.    Motion to Dismiss**

**A. Lack of Personal Jurisdiction**

It is undisputed that defendant is a Canadian corporation
with offices in Colorado, New York and Ontario but not
Massachusetts.  Plaintiff has made no proffer that CarData has
any physical presence or clients in the Commonwealth of
Massachusetts.  Accordingly, defendant contends that plaintiff
has failed to state sufficient factual allegations to establish
personal jurisdiction over CarData.  It acknowledges that it
operates a website which is accessible in Massachusetts but
contends that more direct and targeted contact with the forum
state is required to establish personal jurisdiction.

Plaintiff rejoins that the burden is on the defendant to
contest this Court's personal jurisdiction and that CarData has
provided no evidence with respect to its lack of contacts with
the forum state.  Plaintiff adds that, in any event, this Court
has specific personal jurisdiction over CarData because

defendant 1) has minimum contacts with the United States as a whole and 2) maintains an interactive website which is accessible in Massachusetts and has infringed on the purported trademark of Motus, a Massachusetts domiciliary.

### 1.    Legal Standard

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction is 1) statutorily authorized and 2) consistent with the Due Process Clauses of the United States Constitution. See Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015); United States v. Swiss Am. Bank, Ltd (Swiss II), 274 F.3d 610, 618 (1st Cir. 2001).

Where, as here, the Court will decide the motion without first holding an evidentiary hearing, the Court applies the "prima facie" standard of review and takes the plaintiff's

> properly documented evidentiary proffers as true and
> construe[s] them in the light most favorable to
> [plaintiff's] jurisdictional claim.

A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016).  A plaintiff cannot, however, rely on the "unsupported allegations" in its complaint but "must put forward evidence of specific facts to demonstrate jurisdiction exists." Id. (internal citations omitted); see also Philips v. Prairie Eye Center, 530 F.3d 22, 26 (1st Cir. 2008) (explaining that, in order for a plaintiff to make a prima facie showing of

jurisdiction, it "ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts").

Plaintiff's claims invoke both the Court's federal question and diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332.

### i.   Federal Question Cases

In federal question cases, the Due Process Clause of the Fifth Amendment of the United States Constitution requires only that a defendant maintain "minimum contacts" with the United States as a whole rather than with the forum state. Swiss II, 274 F.3d at 618.  Plaintiff must still, however, ground its service of process in a federal statute or rule. Id.

An out-of-state defendant in federal-question cases may properly be served if either the federal statute pursuant to which the claim is brought provides for nationwide service of process or if the defendant is outside of the jurisdictional reach of the courts of general jurisdiction of every state. Fed. R. Civ. P. 4(k)(1)(C) & (k)(2).  Where, as here, the federal statute is silent on the availability of nationwide service of process and nothing in the record indicates that defendant is excluded from the jurisdictional reach of every state, however, such service is governed by the forum state's long-arm statute. Fed. R. Civ. P. 4(k)(1)(A); see Ariel Inv., LLC v. Ariel Capital Advisors LLC, 881 F.3d 520, 521 (7th Cir. 2018) ("The Lanham Act does not authorize nationwide service of process."); United

- 5 -

States v. Swiss Am. Bank, Ltd. (Swiss I), 191 F.3d 30, 41 (1st Cir. 1999) ("We hold that a plaintiff who seeks to invoke Rule 4(k)(2) must . . . certify that, based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state.").

Accordingly, this Court must conduct the same personal jurisdiction inquiry as in a diversity case, focusing on the defendant's contacts with Massachusetts rather than with the United States as a whole. See Johnson Creative Arts, Inc. v. Wool Masters, Inc., 743 F.2d 947, 950 (1st Cir. 1984).

### ii.   Diversity Cases

In a diversity suit, this Court acts as "the functional equivalent of a state court sitting in the forum state." See Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009).  As such, to make a prima facie showing of personal jurisdiction, the plaintiff must demonstrate that the exercise of jurisdiction 1) is permitted by the forum's long-arm statute, and 2) coheres with the Due Process Clause of the Fourteenth Amendment of the United States Constitution ("Fourteenth Amendment") by showing that each defendant has "minimum contacts" with Massachusetts. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002).

The requirements of the Massachusetts long-arm statute, M.G.L. c. 223A § 3, are substantially similar to (although potentially more restrictive than) those imposed by the Fourteenth Amendment. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016) (noting that "[r]ecently, however, we have suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution"). Because the defendant has not invoked the Massachusetts long-arm statute, the Court will proceed directly to the constitutional analysis. See id.

## 2.    Application

The Court's jurisdiction may be either "specific" or "general". Swiss II, 274 F.3d at 618. Specific jurisdiction requires a "demonstrable nexus" between the claims of the plaintiff and the defendant's contacts in the forum state. Id. General jurisdiction, on the other hand, exists when the defendant has engaged in "continuous and systematic activity, unrelated to the suit, in the forum state." Id. (quoting United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). Here, because plaintiff presents only argument for specific jurisdiction, this Court will narrow its jurisdictional analysis accordingly.

The "demonstrable nexus" required to establish specific jurisdiction can be created only by the defendant's contacts with the forum state. <u>Harlow</u> v. <u>Children's Hosp.</u>, 432 F.3d 50, 58 (1st Cir. 2005).  In analyzing such contacts, this Court must consider three factors: relatedness, purposeful availment and reasonableness. <u>See</u> <u>Astro-Med, Inc.</u> v. <u>Nihon Kohden Am., Inc.</u>, 591 F.3d 1, 9 (1st Cir. 2009).

An affirmative finding as to all three is required before a court can exercise specific jurisdiction over a defendant. <u>Phillips Exeter Academy</u> v. <u>Howard Phillips Fund</u>, 196 F.3d 284, 288 (1st Cir. 1999).  That said, courts in this Circuit have stated that,

> [i]n cases involving interactions through a website that is operated from outside the forum state but that residents in that state can access, the focus of this analysis has been on the "purposeful availment" requirement.

<u>Sun Life Assur. Of Canada</u> v. <u>Sun Bancorp, Inc.</u>, 946 F. Supp. 2d 182, 190 (D. Mass. 2012); <u>see, e.g.</u>, <u>Chen</u> v. <u>United States Sports Academy, Inc.</u>, 956 F.3d 45, 59 (1st Cir. 2020); <u>Cossaboon</u> v. <u>Maine Med. Ctr.</u>, 600 F.3d 25, 35–36 (1st Cir. 2010); <u>Sportschannel New England Ltd P'Ship</u> v. <u>Fancaster, Inc.</u>, No. 09-cv-11884, 2010 WL 3895177, at *5 (D. Mass. Oct. 1, 2010).

To satisfy that requirement, a plaintiff must demonstrate that the defendant's in-state contacts represent a "purposeful availment of the privilege of conducting activities in the forum

state" such that any contacts with it are foreseeable and voluntary rather than "random, isolated, or fortuitous". A Corp., 812 F.3d at 59-60 (internal quotation marks and citation omitted).  It is insufficient to rely on the "unilateral activity" of the plaintiff or third party or the situs of the injury. See Walden v. Fiore, 571 U.S. 277, 286, 290 (2014).

Regarding internet commerce, courts have historically evaluated the level of "interactivity" of a nationally accessible website to determine whether the accessibility of the defendant's website by residents in the forum state constitutes "purposeful availment". See, e.g., Zippo Manufact. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. pa. 1997) (cited in Gather, Inc. v. Gatheroo, LLC, 443 F. Supp. 2d 108, 115 (D. Mass. 2006)).  Recently, however, because "virtually every business now has a website", Media3 Techs., 17 F. Supp. 3d at 112, and "virtually every website today is [at least] moderately interactive", the analysis has changed. See Lin v. TipRankes, Ltd., No. 19-cv-11517, 2019 U.S. Dist. LEXIS 202376, at *11 (D. Mass. Nov. 21, 2019).

To maintain the constitutional limits on personal jurisdiction in internet commerce cases, courts in this Circuit require "something more" than a nationally accessible website to support the exercise of personal jurisdiction. See, e.g., Media3 Techs., 17 F. Supp. 3d at 112 ("[Otherwise] the simple fact that

virtually every business now has a website would eviscerate the limits on personal jurisdiction."); Chen, 956 F.3d at 59; Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 8 (1st Cir. 2018); Cossaboon, 600 F.3d at 35; Media3 Techs., 17 F. Supp. 3d at 112; Sun Life Assur. Of Canada, 946 F. Supp. 2d at 190; Sportschannel New England, 2010 WL 3895177, at *14.  In determining what "more" is required, courts

> focus[ ] on the extent to which the defendant has actually and purposefully conducted commercial or other transactions with forum state residents through its website.

Cossaboon, 600 F.3d at 35.  That analysis considers whether the website specifically targets residents in the forum state and/or results in the defendant's "knowing receipt of substantial revenue from forum residents". Chen, 956 F.3d at 60.

In this case, the Court concludes that the purposeful availment requirement is not met because there is not "something more" connecting CarData to the forum state beyond its website which is available to anyone with internet access, in any state. Plaintiff has put forward no evidence showing that CarData, a Canadian corporation, actually and purposefully conducted business with Massachusetts residents through its website. Nothing in the record shows that Cardata, for instance, targeted Massachusetts residents specifically or that its website contains content which is any more likely to solicit customers in Massachusetts than anywhere else. See Lin, 2019 U.S. Dist.

LEXIS 202376, at *13; Media3 Techs., 17 F. Supp. 3d at 112.  Nor
is there any evidence that CarData has acquired any revenue from
Massachusetts residents, at all, let alone in a substantial sum.

Citing Edvisors Network, Inc. v. Educational Advisors,
Inc., 755 F. Supp. 2d 272, 283 (D. Mass. 2010), plaintiff
challenges that conclusion and submits that there is "something
more" here because this is an internet trademark infringement
case in which the plaintiff trademark owner is a resident of the
forum state.  The Edvisors Court relied on Venture Tape Corp. v.
McGills Glass Warehouse, a decision written by United States
District Judge Lasker, sitting by designation in the District of
Massachusetts nearly two decades ago, in which he concluded
that,

> coupled with a nationally available website, the fact that
> the target of the alleged trademark infringement was a
> Massachusetts company was enough to support personal
> jurisdiction.

Sun Life Assur., 946 F. Supp. 2d at 182 (internal quotation
marks omitted) (quoting Venture Tape, 292 F. Supp. 2d at 233).

As the use of interactive websites by businesses has
expanded in the years following Judge Lasker's decision,
however, other Sessions of this Court have disagreed with his
conclusion.  See, e.g., id. at 191.  Such an expansive view of
personal jurisdiction in internet trademark infringement cases
would create

a substantial risk that defendants would be dragged into
foreign jurisdictions with which they had little to no
actual contact simply because a trademark holder happened
to reside there.

Id. at 191; see also Media3 Tech., 17 F. Supp. 3d at 112; DCM
Sys. v. Tech Trades Inst. Inc., No. 14-cv-10243, 2014 U.S. Dist.
LEXIS 135416, at *9-10 (D. Mass. Sept. 25, 2014).

To avoid that risk, courts in the First Circuit have,
since, required not only a nationally available website coupled
with an injury felt in the forum state but also intentional
conduct by defendant calculated to cause injury in that state.
See, e.g., Media3 Tech., 17 F. Supp. at 112-13 (citing Calder v.
Jones, 465 U.S. 783, 789 (1984) ("[The defendants] intentional,
and allegedly tortious actions were expressly aimed at [the
forum state]."). To prove such calculated conduct, a plaintiff
often must show that the defendant, at least, knew of the
plaintiff's whereabouts when it engaged in the allegedly
tortious conduct. See Chen, 956 F.3d at 61-62; Morphotrust USA,
LLC v. Identrix, LLC, No. 16-cv-10074, 2016 WL 3512131, at (D.
Mass. June 21, 2016).

Here, plaintiff has failed to make a prima facie showing
that, by purportedly infringing on Motus' trademark, CarData
intended to cause injury in Massachusetts. Indeed, nothing in
the record indicates that CarData even knew Motus was domiciled
in the Commonwealth. Cf. Edvisors Network, Inc., 755 F. Supp. 2d

at 284 ("Given Educational Advisors' <u>knowledge</u> that any
allegedly infringing conduct would have an especially harmful
effect on Edvisors in Massachusetts, and its efforts to market
its services to residents of Massachusetts through the use of an
interactive website, this court finds that the purposeful
availment prong of the jurisdictional analysis has been met.");
<u>Morphotrust USA, LLC</u>, 2016 WL 3512131, at *7 ("Where, as here,
the defendant <u>knows</u> that the target of its allegedly wrongful
conduct is located in Massachusetts, the purposeful availment
prong is satisfied."). Accordingly, the exercise of personal
jurisdiction over defendant under the circumstances presented by
plaintiff would be inconsistent with the requirements of due
process and defendant's motion to dismiss for lack of personal
jurisdiction will, therefore, be allowed.

### B. Jurisdictional Discovery

In its broad discretion, the Court may allow jurisdictional
discovery where a plaintiff has made a "colorable claim" of
jurisdiction and has been "diligent in preserving [its] rights
to be entitled to jurisdictional discovery". <u>See</u> <u>Swiss II</u>, 274
F.3d at 625–27. Such diligence requires a plaintiff to "present
facts to the court which show why jurisdiction would be found if
discovery were permitted". <u>Id.</u> at 626. Here, plaintiff has made
no such presentation. For that reason, jurisdictional discovery
is unwarranted.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss (Docket No. 16) is **ALLOWED.**   Plaintiff's complaint is hereby **DISMISSED without prejudice.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 19, 2021